UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| TIMOTHY WAYNE HOLLINGSWORTH,   )<br>                                                          )<br>        Plaintiff,                                      )<br>                                                          )<br> v.                                                      )<br>                                                          )<br> JAMES A. DALEY, Jailer, et al.,            )<br>                                                          )<br>        Defendants.                              ) | No. 2:15-CV-36-WOB-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*

*Pro se* Plaintiff Timothy Wayne Hollingsworth filed a "motion for a default"[1] based on Defendants' alleged failures to timely answer or respond to the Complaint. DE #6 (Motion). Hollingsworth states, "The United States District Court[] sent out a[n] order for a servi[ce] pack on 5-21-15 for the defendants to be served. The defendants ha[ve] failed to answer or move to dismiss the complaint, or respond within the time frame, within 21 days." *Id.* at 1. No Defendant responded (although the motion pre-dates process service). The motion is ripe for review.

Hollingsworth's Complaint generally asserts Eighth Amendment deliberate indifference claims regarding his medical treatment while incarcerated and alleges retaliation via disciplinary action for filing grievances. DE #2 (Complaint). The record reflects a May 21, 2015, order for service packs, as Plaintiff states. *See* DE ##3 (Order), 4 (Summonses), 5 (Service Pack). The record indicates that the Marshal served Defendants

---

[1] Hollingsworth is not clear if the motion seeks entry of default under Rule 55(a) or default judgment against Defendants under Rule 55(b). He requests "the full amount in monetary relief," DE #6, at 1, indicating that he seeks judgment. The Court proceeds in this murky context.

1

Campbell County Detention Center (CCDC), Warfield, Slayback, and Bunch on June 15, 2015, and Defendant Daley on June 25, 2015. *See* DE ##7, 8, 9, 10, 11, and 12. Defendants CCDC, Warfield, Bunch, and Daley moved for and received an extension of time to answer. *See* DE ##13 (Motion), 14 (Order). They answered the Complaint on July 20, 2015. DE #15 (Answer). Defendant Slayback answered on July 22, 2015. DE #18 (Answer).

"A defendant must serve an answer within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). A plaintiff may request that the Clerk enter a default against a defendant who "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). For Plaintiff to obtain default judgment, he must first request the Clerk's entry of default pursuant to Rule 55(a). Rule 55(b) governs default judgment. "An entry of default and a default judgment are distinct concepts which must be treated separately." *Redd v. Vails*, No. 14-14340, 2015 WL 1511029, at *3 (E.D. Mich. Mar. 25, 2015). "These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Stated another way, "[o]btaining a default judgment is a two-step process: first, the party seeking a default judgment files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint; second, once the clerk has entered a default, the moving party may then seek entry of a default judgment by the Court against the defaulting party." *Barcey v. La Beau, Inc.*, No. 14-10249, 2015 WL 669394, at *2 (E.D. Mich. Feb. 17, 2015).

"In determining whether . . . to grant a default judgment, the court must balance three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default." *Jackson v. Hamilton Cnty. Cmty. Mental Health Bd.*, 174 F.R.D. 394, 395 (S.D. Ohio 1997) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 192-94 (6th Cir. 1986)); *see also Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (setting forth 7 factors to consider). Delay alone is insufficient to establish prejudice; Plaintiff must show that the delay will result in loss of evidence, create difficulties with discovery, or provide greater opportunity for fraud or collusion. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). On prong two, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Prong three requires that "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST*, 815 F.2d at 399.

The Marshal served Defendants CCDC, Warfield, Slayback, and Bunch on June 15, 2015, and Defendant Daley on June 25, 2015. Within 21 days (on July 6, 2015, which was 21 days for Defendants CCDC, Warfield, and Bunch, and 11 days for Defendant Daley), Defendants CCDC, Warfield, Bunch, and Daley moved for an extension of time to answer, which the Court granted. These Defendants then timely answered in accordance with the Court's Order. There is utterly no basis for default judgment against these Defendants.[2]

---

[2] Hollingsworth seems to premise the motion on the date of service pack issuance, but Rule 12 clearly states that the 21-day period runs from date Defendant was served.

3

Defendant Slayback answered on July 22, 2015—37 days after service. She did not seek an extension of time; the filing thus is outside the 21-day window. However, default judgment is not appropriate. Notably, Plaintiff filed the motion on June 17, just two days after service on Slayback and most other defendants.[3] Thus, at the time, no party was in default, and the Court can deny the motion on that basis alone. Even treating the motion as proper (based on the unfolding chronology), Hollingsworth does not satisfy the predicate to default judgment; the Clerk did not enter a default under Rule 55(a). *See Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009) ("Because Heard did not first seek entry of a default from the clerk of the court, it was procedurally improper for Heard to move for entry of a default judgment."). However, some courts have held that "[w]hen deciding a motion for entry of default judgment, if there is no entry of default by the clerk, the court can treat such motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Due to the motion's ambiguity, and to fully consider Hollingsworth's claim, the Court proceeds to consider *Shepard*'s factors.

Hollingsworth does not satisfy any of the three prongs to justify granting a default judgment against Slayback. First, he did not show that the relatively slight 16-day period of delay will result in loss of evidence, create difficulties with discovery, or provide greater opportunity for fraud or collusion. Delay alone is insufficient for default judgment. Second, Slayback's Answer raises defenses facially "good at law," and Hollingsworth attempts no contrary showing. Third, the Court finds no intent by

---

[3] This is the most generous interpretation for Hollingsworth. He stated that he filed the motion on June 12, DE #6, at 2, which is before service occurred, and the letter bears a June 15 postmark, DE #6-1, at 2, which is the date of service.

4

Slayback to thwart judicial proceedings and no reckless disregard for the effect of her conduct on the proceedings. A 16-day delay, where Defendant "pleads that Plaintiff failed to properly serve her with the Complaint in this matter[,]" DE #18, at 1, evidences no culpable defense mindset. Plaintiff does not advance an opposing position.

"Trials on the merits are favored in federal courts[.]" *Shepard*, 796 F.2d at 193. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin*, 705 F.2d at 845. This is not such an extreme case. All parties have answered, and the Court has set a schedule. Plaintiff has not justified default judgment against Slayback, and the case proceeds on a normal course. *See Jackson*, 174 F.R.D. at 396 (denying *pro se* Plaintiff's motion for default judgment where Defendant filed its Amended Answer 11 days late and when none of the three prongs supported default judgment); *see also Rehab Mgmt. Solutions, LLC v. Diversa Care Therapeutics, Inc.*, No. 11-11990-BC, 2012 WL 3079053, at *1 (E.D. Mich. July 30, 2012) ("Even if it is assumed that by not timely filing an answer Defendant was in default, and that the late-filed answer did not cure the default, Plaintiff has not demonstrated that Defendant's conduct justifies striking the answer and entering default judgment in Plaintiff's favor.").

The Court thus **RECOMMENDS** that the District Court **DENY** DE #6.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. As defined by section 636(b)(1) and Rule 72(b), within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for de novo consideration by the District Court. The parties should

5

consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 72(b) normally waives a party's right to review. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of July, 2015.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge