UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

TIMOTHY WAYNE HOLLINGSWORTH,      )
                                  )
          Plaintiff,              )
                                  )        No. 2:15-CV-36-WOB-REW
v.                                )
                                  )        ORDER AND RECOMMENDED
JAMES A. DALEY, Jailer, et al.,   )            DISPOSITION
                                  )
          Defendants.             )

*** *** ***

*Pro se* Plaintiff Timothy Wayne Hollingsworth filed a document stating the following:

> The plaintiff, Timothy Hollingsworth, moves the court to enact and apply the
> following sanctions under Rule 26, 35, 37 rendering a default judgment against
> the defendant, Krista Slayback, and reasonable expenses, caused by the action of
> this defendant: The plaintiff feels that a $100.00 dollars in fees would be suitable,
> for copies writing paper, for the time the plaintiff had to responed to the
> aggravation[.]

DE #68 (Motion), at 2-3 (spelling and general syntax in original). Defendant Slayback

responded. DE #72 (Response). Plaintiff, despite having the opportunity, did not reply. The

motion is ripe for consideration.

The present motion arises from an ongoing squabble regarding Slayback's answer to

Hollingsworth's interrogatory 3. On February 4, 2016, the Court granted in part Hollingsworth's

motion to compel as to this interrogatory and ordered a supplemental Slayback response. DE #64

(Order), at 2-3. The Court otherwise denied the motion to compel. *Id.* Slayback timely

supplemented. DE #68-1, at 2-3. Hollingsworth's current motion (DE #68) objects to the

1

accuracy of the response, *id.* at 1-2,[1] and moves for sanctions, *id.* at 2-3. Rule 37 generally governs discovery sanctions.[2] Hollingsworth particularly seeks a default judgment against Slayback and $100 in fees for copies, writing paper, and the time expended. DE #68.

The Court finds Slayback's supplemental response to interrogatory 3 to be wholly proper, with one exception: Defendant Slayback did not sign and verify it. *See* DE #73 (Objections), at 1 ("This Response is unsigned and unsworn by Defendant Krista Slayback[.]"); Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them[.]"); *see, e.g.*, *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) ("Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney.") (collecting cases); *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D. W. Va. 2005) ("When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness. Likewise, the failure to provide client verification undermines the dispositive motion process under Rule 56(c)[.]"). Slayback did not sign and verify the supplemental response to interrogatory 3. The Court therefore functionally grants the technical request at DE #73 (although it is neither styled nor docketed as a motion) and **ORDERS** Defendant Slayback to appropriately verify interrogatory 3 by **no later than March 28, 2016**.

Sanctions, however, are wholly unwarranted on this record. The Court has fully considered the Rule 26 and 37 standards and values. If the Court grants a motion to compel in part and denies it in part, as previously happened here, "the court . . . may, after giving an

---

[1] As the Court has already noted, "Hollingsworth may contest the accuracy of the [responses], but that is what litigation is all about." DE #54, at 4.

[2] The Court sees no applicability of Rule 35 to Plaintiff's sanctions motion. That Rule governs the processes surrounding a physical or mental examination, and Plaintiff mistakenly relies on it.

opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Various sanctions are available if a party disobeys a court order. *Id.* 37(b).

Hollingsworth first seeks entry of default judgment against Slayback. Entering default judgment is the sanction of "last resort." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990); *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994); *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478-79 (6th Cir. 2006). Judgment "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil*, 15 F.3d at 552; *see also Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995) (identifying four factors used when reviewing a court's decision to dismiss, including "whether the dismissed party was warned that failure to cooperate could lead to dismissal" and "whether less drastic sanctions were imposed or considered before dismissal was ordered"); *Abbe*, 916 F.2d at 1073 (same); *Anson*, 195 F. App'x at 479 (same).

There is utterly no basis on this record to find a willful failure to cooperate in discovery, bad faith, or fault on behalf of Slayback. Hollingsworth merited but little discovery relief, and Slayback timely supplemented in compliance with the Court's order. The lone minor deficit is easily corrected, as this Order effectuates. Further, the relevant factors conclusively weigh against judgment entry here. For instance, Slayback has not been warned that judgment entry may occur. Entry of default judgment against Slayback, on this record, which solely consists of a limited dispute over one interrogatory, would be wholly improper.

Hollingsworth also seeks $100 in fees for copies, writing paper, and the time expended. The Court, in these circumstances, has discretion to apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). The Court has fully considered all the circumstances surrounding the motion and finds no basis to exercise its discretion to apportion expenses here.

*See, e.g., Galinis v. Branch Cnty.*, No. 1:14-CV-460-PLM, 2015 WL 2201696, at *3 (W.D. Mich. May 11, 2015) ("While Rule 37(a)(5)(C) provides the Court greater discretion in deciding whether to award fees and costs, there is no basis for exercising that discretion in plaintiff's favor here."). Relevant factors include whether "Defendant's failure to sufficiently respond was willful or made in bad faith" and whether Plaintiff "has been prejudiced by Defendant's failure to sufficiently respond." *Spees v. James Marine, Inc.*, No. 5:08-CV-73-TBR, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009). The Court also looks to Slayback's justification for the initial response. *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, 277 F.R.D. 348, 361 (W.D. Ky. 2011).

The Court has fully considered these factors and, in its discretion, finds no basis to sanction Slayback. There is no indication that Slayback's initially faulty response was a willful failure or made in bad faith. There is no indication that Hollingsworth has been prejudiced by the first response; he now has a response that substantially answers the content of the interrogatory. Further, Hollingsworth provides no proof concerning the alleged expenses for copies or writing paper, and he details nothing about the time spent on the issue (and the value thereof). In sum, there is simply no basis for monetary sanctions or expense appropriation against Slayback on this record.

The Court thus **RECOMMENDS** that the District Court wholly **DENY** DE #68.[3]

\* \* \* \* \*

To the extent this is an Order, the following review standard applies. The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its

---

[3] To the extent Hollingsworth seeks unspecified sanctions in DE #73 on the same subject matter, that request is, for the same reasons, unavailing under the standard.

right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

To the extent this is a Recommended Disposition, the following review standard applies. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.[4] As defined by section 636(b)(1) and Rule 72(b), within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 72(b) normally waives a party's right to review. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of March, 2016.



Signed By:

*Robert E. Wier*

United States Magistrate Judge

---

[4] Some courts have concluded that "the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." *Bell-Flowers v. Progressive Ins. Co.*, No. 04-3026 BP, 2005 WL 3434818, at *2 n.1 (W.D. Tenn. Dec. 13, 2005) (citing cases); *see also Provience v. City of Detroit*, No. 10-11719, 2011 WL 7445088, at *2 n.1 (E.D. Mich. Nov. 28, 2011). Here, despite the fact that the Court recommends imposing no sanctions, the Court elects to treat the motion as dispositive because Hollingsworth specifically seeks dispositive relief (default judgment). *See Provience*, 2011 WL 7445088, at *2 n.1. Issuing a recommendation pursuant to § 636(b)(1)(B) is the safer course; this preserves the parties' right to *de novo* review.